■ In the Matter of CATHLEEN STRAND-O'SHEA, Respondent, v WILLIAM KRAEMER, Appellant. [925 NYS2d 850]—In four related custody and visitation proceedings pursuant to Family Court Act article 6, the father appeals from an order of the Family Court, Suffolk County (Lynaugh, J.), dated February 17, 2010, which, inter alia, dismissed (1) his petition to modify a prior order of the same court dated November 6, 2007, awarding the mother sole custody of the parties' child, so as to award sole custody of the subject child to him, and (2) his separate petition to hold the mother in contempt for violating the visitation schedule set forth in the prior order. Assigned counsel has submitted a brief in accordance with *Anders v California* (386 US 738 [1967]), in which he moves for leave to withdraw as counsel.

Ordered that Jason Bassett's motion for leave to withdraw as counsel is granted, and he is directed to turn over all papers in his possession to new counsel assigned herein; and it is further,

Ordered that Glen Suarez, 50 Elm Street, Huntington, N.Y., 11743, telephone number (631) 239-5100, is assigned as counsel to perfect the appeal from the order dated February 17, 2010; and it is further,

Ordered that new counsel shall serve and file a brief on behalf of the appellant within 90 days of the date of this decision and order, and the respondent mother and the attorney for the child shall serve and file their briefs within 120 days of this decision and order; by prior order on certification of this Court, the appellant was granted leave to prosecute the appeal as a poor person, with the appeal to be heard on the original papers (including a certified transcript of the proceedings) and on the briefs of the parties and the attorney for the child, who were directed to file nine copies of their respective briefs and to serve one copy on each other.

Upon this Court's independent review of the record, we conclude that nonfrivolous issues exist, including, but not limited to, whether the Family Court properly denied the father's petition to hold the mother in contempt for violating the visitation provisions of a prior order of the court dated November 6, 2007, which awarded sole custody to the mother and visitation to the father. Accordingly, assignment of new counsel is warranted (*see Matter of Veronica C. v Administration for Children's Servs.*, 77 AD3d 828, 829 [2010]; *Matter of Mc-*

*Cormick v Franklin*, 5 AD3d 685, 686 [2004]). Mastro, J.P., Angiolillo, Chambers and Cohen, JJ., concur.